**PONTIAC NURSING HOME, LLC, Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

Nos. 05–1083, 05–1103.

United States Court of Appeals, District of Columbia Circuit.

Feb. 24, 2006.

Aaron Charles Schlesinger, Peckar & Abramson, River Edge, NJ, for Petitioner.

Aileen A. Armstrong, Deputy Associate General Counsel, Julie B. Broido, Senior Attorney, National Labor Relations Board, General Counsel, Washington, DC, for Respondent.

Before: RANDOLPH and GARLAND, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This consolidated petition for review and cross-application for enforcement of an order of the National Labor Relations Board was considered on the briefs and appendix filed by the parties. See FED. R.APP. P. 34(a)(2); D.C. CIR. RULE 34(j). It is

**ORDERED AND ADJUDGED** that the petition for review be denied and the cross-application for enforcement be granted. The Board has "broad discretion to assess the propriety and results of representation elections." *AOTOP, L.L.C. v. NLRB*, 331 F.3d 100, 103 (D.C.Cir.2003) (internal quotation marks omitted). While this court reviews Board factual findings for "substantial evidence on the record as a whole," 29 U.S.C. § 160(e), we generally "affirm the Board's order to bargain unless the Board abused its discretion in overruling [an employer's] objections in the underlying election proceeding." *Randell Warehouse of Ariz., Inc. v. NLRB*, 252 F.3d 445, 448 (D.C.Cir.2001) (internal quotation marks omitted) (alteration in original).

The Board has held that unauthorized list-keeping on the day of a representation election will justify a new election if employees "know, or reasonably can infer" that they are being monitored. *Medical Ctr. of Beaver County, Inc. v. NLRB*, 716 F.2d 995, 999 (3d Cir.1983) (quoting *Masonic Homes of Cal., Inc.*, 258 N.L.R.B. 41, 48, 1981 WL 20775 (1981)). In this case, however, the hearing officer found no evidence that any employees had reason to believe they were being subjected to surveillance. Substantial evidence supports the Board's conclusion that any interactions between employees and Union organizers on the day of the election were voluntary and uncoerced.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. RULE 41.